IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Columbus Garage Floor Coating LLC, | Case No: 2:21-cv-3851 |
| Plaintiff, | Judge Graham |
| v. | Magistrate Judge Jolson |
| Iowa Concrete, LLC, et al., | |
| Defendants. | |

<u>Opinion and Order</u>

Plaintiff Columbus Garage Floor Coating LLC ("CGFC") seeks to recover payment for work it performed as a subcontractor on two construction projects. CGFC asserts breach of contract claims against the general contractor, defendant Iowa Concrete, LLC, and it asserts claims for unjust enrichment and third-party beneficiary against the project owner, defendant Heartland Express, Inc.

This matter is before the Court on the motion of Heartland Express to dismiss the claims against it. Heartland argues that the unjust enrichment claim fails because CGFC has a means available to recover from Iowa Concrete, with whom CGFC was in privity of contract. Heartland contends that the third-party beneficiary claim fails because subcontractors generally are not third-party beneficiaries to prime contracts in the construction law context.

The Court grants in part and denies in part the motion to dismiss, as set forth below.

**I.     Background**

CGFC is an Ohio limited liability company. Iowa Concrete is an Iowa limited liability company. In October 2019, CGFC and Iowa Concrete entered into a contract (the "Ohio contract") for CGFC to perform epoxy floor-coating work at facility located in Columbus. The facility is owned by Heartland Express, an Iowa corporation in the over-the-road trucking industry.

According to the complaint, CGFC performed the work and received partial payment from Iowa Concrete. The parties then agreed, at Iowa Concrete's request, to roll the rest of the payment due on the Ohio contract into a new contract (the "Tennessee contract") for a similar project in Mt. Juliet, Tennessee. Heartland also owned the facility in Tennessee.

CGFC and Iowa Concrete entered into the Tennessee contract on January 21, 2020. Iowa Concrete issued work orders to CGFC, which would submit invoices once it completed a work

1

order.  CGFC alleges that under the contract, Iowa Concrete had an obligation to make at least partial payment upon receipt of each invoice.

CGFC contends that beginning with the first invoice it submitted on February 3, 2020, Iowa Concrete failed to make payment.  CGFC nonetheless continued to perform additional work orders and completed performance of the Tennessee contract on August 11, 2020.  CGFC submitted a total of seven invoices.

In July 2020 Iowa Concrete raised concerns about the quality of workmanship relating to one of the work orders.  According to the complaint, CGFC cured the alleged defects and executed a "punch list" reflecting its resolution each defect.

On August 11 – the day CGFC completed performance – Iowa Concrete allegedly raised "spurious, *de minimis*" concerns about the quality of CGFC's work.  Sec. Am. Compl. at ¶ 24.  CGFC offered to satisfy Iowa Concrete's concerns by starting a new punch list.  But Iowa Concrete responded that it was terminating the Tennessee contract and would not be issuing payment to CGFC because of alleged defects in workmanship.

CGFC alleges that Iowa Concrete has not responded to its demands for payment under the Ohio and Tennessee contracts.

This action was originally filed in state court in Ohio.  The operative pleading is the Second Amended Complaint filed in state court.  In addition to naming Iowa Concrete and Heartland Express as defendants, the complaint named Sherwin-Williams Company, an Ohio limited liability company.  The complaint alleged that Sherwin-Williams had a materialman's lien relating to equipment and supplies which CGFC obtained on credit from Sherwin-Williams for the Tennessee contract.  The complaint sought a declaratory judgment "of the extent of [CGFC's] obligation, if any, to Defendant Sherwin-Williams."  Sec. Am. Compl. at ¶ 71.

Sherwin-Williams was voluntarily dismissed from the lawsuit in June 2021.  On June 29, 2021, Iowa Concrete and Heartland removed the action to this Court on the grounds of diversity jurisdiction.  *See* 28 U.S.C. § 1446(b)(3) (permitting removal within 30 days of an amended pleading, order or other paper from which it first can be ascertained that the case has become removeable).

The complaint asserts claims against Iowa Concrete for breach of contract, fraud and conversion.

The complaint asserts claims against Heartland for unjust enrichment and third-party beneficiary.  In support of the unjust enrichment claim, CGFC alleges that it conferred a benefit on Heartland by performing improvements at its facilities in Ohio and Tennessee.  In support of the

2

third-party beneficiary claim, CGFC alleges that the prime contracts between Heartland and Iowa Concrete identified CGFC as a subcontractor and payee and thus made CGFC an intended beneficiary of the prime contract.[1]

This matter is now before the Court on Heartland's motion to dismiss.

## II.  Standard of Review

Federal Rule of Civil Procedure 8(a) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Iqbal*, 556 U.S. at 679; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Twombly*, 550 U.S. at 555-56.

Despite this liberal pleading standard, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555, 557 ("labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s]" devoid of "further factual enhancements"); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation"). The plaintiff must provide the grounds of his entitlement to relief "rather than a blanket assertion of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

When the complaint does contain well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*,

---

[1] The complaint also asserted a claim for declaratory judgment relating to the Sherwin-Williams lien. In this claim, CGFC sought a determination as to which party (or parties) – as among CGFC, Iowa Concrete and Heartland – was obligated to pay Sherwin-Williams, and in what amount(s). The claim has been made moot by several developments: Heartland separately reached a settlement agreement with Sherwin-Williams concerning the materialman's lien; Sherwin-Williams did not assert any cross- or counter-claims in this action; and CGFC voluntarily dismissed Sherwin-Williams from the case.

556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Though "[s]pecific facts are not necessary," *Erickson*, 551 U.S. at 93, and though Rule 8 "does not impose a probability requirement at the pleading stage," *Twombly*, 550 U.S. at 556, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-56. This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. Discussion

#### A. Choice of Law

The parties agree that Ohio law should apply to plaintiff's claims to the extent they concern work performed on the Ohio facility. But for work performed on the Tennessee facility, Heartland argues that Tennessee law applies, while CGFC argues that Ohio law should still apply. Neither the Ohio contract nor the Tennessee contract contained a choice-of law provision.

Ohio follows the Restatement (Second) of Conflict of Laws in making choice of law determinations for contract issues. *Wise v. Zwicker & Assocs., P.C.*, 780 F.3d 710, 714–15 (6th Cir. 2015) (citing *Ohayon v. Safeco Ins. Co. of Illinois*, 91 Ohio St.3d 474, 747 N.E.2d 206, 220 (2001)). The guiding principle is that the court should apply the law "of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties." Restatement (Second) of Conflict of Laws § 188(1). Factors to consider include: the place of contracting, the place of negotiation of the contract, the place of performance, the location of the subject matter of the contract, and the place of incorporation and place of business of the parties. *Id.* at § 188(2).

CGFC argues that Ohio law should govern because CGFC is based in Ohio and because it entered into the Tennessee contract from Ohio. CGFC further points out that Heartland, as well as Iowa Concrete, are not based in Tennessee. In contrast, Heartland emphasizes that Tennessee was the place of performance and the location of the subject matter of the contract.

The Court, without making a final decision, provisionally finds that Tennessee law should apply to claims relating to the Tennessee facility. Though CGFC made bids on the job from Ohio,

4

the work was done in Tennessee and was meant to be a lasting improvement to a physical structure in Tennessee. It would appear that Tennessee has the most significant relationship to the transaction and parties.

Even so, the Court finds that Ohio and Tennessee law do not differ in a significant way with respect to the matters at issue in the current motion to dismiss.

### B. Unjust Enrichment

The elements of an unjust enrichment claim are: (1) a benefit conferred by the plaintiff upon the defendant; (2) knowledge by the defendant of that benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." *Cuspide Properties, Ltd. v. Earl Mech. Servs.*, 2015-Ohio-5019, ¶ 60, 53 N.E.3d 818, 833 (Ohio Ct. App. 2015); *see also Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005) (same elements).

CGFC alleges that it made improvements to Heartland's facilities in Ohio and Tennessee with Heartland's knowledge and that it would be unfair for Heartland to enjoy the benefit while on notice that CGFC has not been paid in full. Heartland argues that the unjust enrichment claim fails under the third element. Heartland cites to case law in the construction context holding that a property owner's retention of a benefit is not unjust if the subcontractor has an available avenue of recovery against the general contractor.

Heartland has correctly stated the applicable law. Under Ohio law, "[i]n order for a subcontractor to pursue an unjust enrichment claim against a property owner, however, the general contractor must be both unavailable for judgment and unable to pursue the owner for the payment the subcontractor seeks." *Carter-Jones Lumber Co. v. Oro RB SPE Owner, LLC*, No. 2:19-CV-5087, 2021 WL 2592531, at *6 (S.D. Ohio June 24, 2021) (citing cases); *accord E.S. Wagner Co. v. Plant Process Equip. Inc.*, No. 3:19 CV 1759, 2021 WL 1214821, at *3 (N.D. Ohio Mar. 31, 2021) ("In the construction context, Ohio law requires that before a subcontractor can pursue an unjust enrichment claim against a property owner, it must establish that the general contractor is unavailable for judgment and unable to pursue the owner for the money the subcontractor is seeking.") (internal quotations omitted).

Tennessee law phrases the rule differently, but to the same effect for purposes of this case. "If the plaintiff enjoyed privity of contract with another concerning the work at issue, the plaintiff [in order to maintain an unjust enrichment against the property owner] must further demonstrate that it has exhausted all remedies against the person with whom the plaintiff enjoyed privity of contract." *Concrete v. Harmony Hosp., LLC*, No. M202000956COAR3CV, 2021 WL 3523248, at *7

(Tenn. Ct. App. Aug. 11, 2021) (internal quotations omitted); *accord Best Choice Roofing & Home Improvement, Inc. v. Best Choice Roofing Savannah, LLC*, 446 F.Supp.3d 258, 282 (M.D. Tenn. 2020); *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005).

Accepting the complaint's allegations as true, the Court finds CGFC has failed to state a claim for unjust enrichment against Heartland. A general contractor which is not bankrupt and which has been named as a party to the subcontractor's lawsuit is deemed available for judgment. *See Coyne v. Hodge Constr. Inc.*, No. 03CA0061-M, 2004 WL 298688, at *2 (Ohio Ct. App. Feb. 18, 2004). Here, Iowa Concrete is solvent and is named as a defendant, and CGFC alleges that it was in privity of contract with Iowa Concrete for both the Ohio and the Tennessee projects. For purposes of Ohio law, CGFC has not alleged any facts from which an inference could be drawn that Iowa Concrete is either unavailable for judgment or is unable to pursue Heartland for the payment CGFC seeks. And for purposes of Tennessee law, it necessarily follows that CGFC has not exhausted all remedies against Iowa Concrete.

Thus, the motion to dismiss is granted as to plaintiff's claim for unjust enrichment.

### C. Third-Party Beneficiary

Ohio and Tennessee have both adopted the Restatement (Second) of Contracts § 302 concerning third-party beneficiaries. *See Hill v. Sonitrol of Sw. Ohio, Inc.*, 36 Ohio St. 3d 36, 40, 521 N.E.2d 780, 784–85 (Ohio 1988); *Owner-Operator Indep. Drivers Ass'n, Inc. v. Concord EFS, Inc.*, 59 S.W.3d 63, 69–71 (Tenn. 2001).

A non-signatory to a contract is entitled to enforce certain promises in the contract only if it is an intended beneficiary. The Restatement provides:

> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either:
>
>> (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
>>
>> (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.
>
> (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

Restatement (Second) of Contracts § 302. *See also Hill*, 521 N.E.2d at 784; *Concord*, 59 S.W.3d at 70.

The court thus looks to the intent of the contracting parties, which is presumed to reside in the language of the contract. *See Kelly v. Med. Life Ins. Co.*, 31 Ohio St. 3d 130, 132, 509 N.E.2d 411,

413 (Ohio 1987); *Planters Gin Co. v. Fed. Compress & Warehouse Co.*, 78 S.W.3d 885, 890 (Tenn. 2002). "[I]f the promisee . . . intends that a third party should benefit from the contract, then that third party is an 'intended beneficiary' who has enforceable rights under the contract. If the promisee has no intent to benefit a third party, then any third-party beneficiary to the contract is merely an 'incidental beneficiary,' who has no enforceable rights under the contract." *Norfolk & W. Co. v. United States*, 641 F.2d 1201, 1208 (6th Cir. 1980). The "mere conferring of some benefit on the supposed beneficiary by the performance of a particular promise in a contract [is] insufficient; rather, the performance of that promise must also satisfy a duty owed by the promisee to the beneficiary." *Id.*.

In the construction context, the Restatement provides the following illustration:

> A contracts to erect a building for C. B then contracts with A to supply lumber needed for the building. C is an incidental beneficiary of B's promise, and B is an incidental beneficiary of C's promise to pay A for the building.

Restatement (Second) of Contracts § 302, cmt. e, ill. 19 (1981). As a general matter, therefore, a subcontractor is not an intended beneficiary of the property owner's promise to pay the general contractor. *See Corporex Dev. & Const. Mgmt., Inc. v. Shook, Inc.*, 2004-Ohio-1408, ¶ 33 (Ohio Ct. App. 2004), *rev'd on other grounds, sub nom. Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.*, 106 Ohio St. 3d 412, 835 N.E.2d 701 (Ohio 2005); *Prime Finish LLC v. Cameo, LLC*, 487 Fed. App'x 956, 962 (6th Cir. 2012) (applying Kentucky law).

However, the intent of the contracting parties controls. *See Concord*, 59 S.W.3d at 70. CGFC alleges that the prime contracts between Iowa Concrete and Heartland specifically identified CGFC as a subcontractor and payee. *See* Sec. Am. Compl., ¶ 65. According to CGFC, the language of the prime contracts will establish that the parties intended that Heartland's performance of its promise to pay Iowa Concrete would satisfy a duty owed by Iowa Concrete to in turn compensate CGFC. If CFGC's allegations are true, they would plausibly support a finding that CGFC was an intended beneficiary. In particular, CGFC has alleged under Restatement § 302(1)(a) that the performance of Heartland's promise to pay Iowa Concrete will satisfy an obligation of Iowa Concrete to pay money to CGFC.

Heartland contends that the allegations are not true and has attached to its motion to dismiss two documents which it claims are the prime contracts. *See* Doc. 11, Exs. A, B. Heartland points out that CGFC was not mentioned or identified in the contracts between it and Iowa Concrete. Epoxy work was among dozens of items for which Iowa Concrete had an obligation to complete or

7

make improvements. The contracts created a duty for Iowa Concrete to deliver a finished building, but not a duty to pay money to CGFC.

In response, CGFC argues that the documents attached to Heartland's motion to dismiss are not the actual prime contracts. CGFC contends that the documents are preliminary in nature and do not represent the entire, final agreements between Heartland and Iowa Concrete.

The Court is unable to resolve the parties' dispute at the motion to dismiss stage. CGFC is correct that there are certain aspects of the documents which suggest that more comprehensive agreements were likely to follow. The documents are in the form of letters issued by Iowa Concrete with a proposed budget for the Ohio and Tennessee projects. Heartland signed the letters, reflecting its acceptance of Iowa Concrete's provisional budget for the projects. Though it is possible that the parties did not execute any additional agreements, the Court is not currently in a position to say.

Because it is unclear if the documents submitted by Heartland are the prime contracts, the Court looks solely to the complaint's allegations concerning what the prime contracts said. As stated above, the complaint contains sufficient allegations to support a plausible inference that the prime contracts made CGFC an intended third-party beneficiary.

Accordingly, Heartland's motion to dismiss the third-party beneficiary claim is denied.

## IV. Conclusion

The Court therefore GRANTS IN PART and DENIES IN PART Heartland's motion to dismiss (doc. 11). The motion is granted as to CGFC's unjust enrichment claim and denied as to CGFC's third-party beneficiary claim.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: February 25, 2022